MARKMAN, J.
{concurring). I concur with the results of the majority opinion, as well as with much of its analysis. Had I been a member of the Judicial Tenure Commission (JTC), I might possibly have reached a different conclusion in terms of an appropriate sanction, for there is much with which I agree in the dissenting opinion. In particular, I agree with the dissenting opinion that more egregious behavior on the part of judges has, in the past, been met with less sanction than permanent removal. Post at 21. Further, I believe that the thirty-five years of honorable public service on the respondent’s part deserve more consideration in the formulation of a sanction than, to my eye, has been given here.
Nonetheless, I concur with the majority opinion because, as it correctly notes, “ ‘[o]ur power of review de novo does not prevent us from according proper deference’ ” to the processes of the JTC. Ante at 9-10 (citation omitted). While the majority emphasizes the deference due the “ ‘master’s ability to observe the witnesses’ demeanor and comment on their credibility,’[1] id., I would also emphasize the deference due the commission in its recommendation of a sanction. In In re Brown, 461 Mich 1291 (2000), this Court directed the commission to more clearly articulate its standards in determining an appropriate judicial sanction, and we set forth a number of non-exclusive factors to be considered in this process. We stated in this regard:
*20 As a constitutionally created state agency charged with making recommendations to this Court concerning matters of judicial discipline, the JTC is entitled, on the basis of its expertise, to deference both with respect to its findings of fact and its recommendations of sanction. However, such deference cannot be a matter of blind faith, but rather is a function of the JTC adequately articulating the bases for its findings and demonstrating that there is a reasonable relationship between such findings and the recommended discipline.
... Where standards of this sort have been promulgated and reasonably applied to individual cases, this Court owes considerable deference to the JTC. [461 Mich at 1292-1293.]
The commission here, in my judgment, has conscientiously evaluated the factors set forth in Brown, as well as additional factors, and has “adequately articulated the bases for its findings.” Although personal consideration of these factors might have led me in the direction of the sanction set forth in the dissenting opinion, I cannot say that there is no “reasonable relationship between [the commission’s] findings and the recommended discipline.” Rather, I believe that the commission has identified such a relationship and therefore is entitled to deference by this Court.
It was proper for this Court to promulgate the Brown factors so that we could derive the “additional information necessary to perform [our] constitutional function of judicial discipline under Const 1963, art 6, § 30(2).” Brown, supra at 1291. Having promulgated these factors, and the commission having reasonably considered them, “proper deference” is now required on our part. While such deference is that which is owed to any executive or administrative agency, the constitutional *21 status of the commission, Const 1963, art 6, § 30, underscores the necessity of such deference in matters of judicial discipline. On the basis of such deference, I concur with the conclusions of the majority opinion.

 I concur with the majority in its conclusion that the master “fairly and objectively” presided over this case.